```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
AGILITY LOGISTICS CORP. f/k/a            :
GEOLOGISTICS AMERICAS, INC.,             :
                      Plaintiff,         :    09 Civ. 4719 (DLC)
                                         :
            -v-                          :    MEMORANDUM
                                         :    OPINION & ORDER
ELEGANT USA, LLC,                        :
                      Defendant.         :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

In a letter dated September 11, 2009, the plaintiff reports that it is a Delaware corporation with its principal place of business in California, and is therefore a citizen of both Delaware and California for the purposes of diversity jurisdiction.  In a letter dated September 11, the defendant reports that Elegant USA, LLC ("Elegant") comprises the following members: RPG Investment, LLC ("RPG"), a Delaware LLC doing business in New Jersey; Elegant Marketing, Inc., a New Jersey corporation; Alon Natanson and Boaz Raam, both citizens of Israel; and Ori Raam, a citizen of New York.  In a letter dated September 21, the defendant identifies RPG's members as Fagunda Investments Limited, a British Virgin Islands company with its principal place of business in the British Virgin Islands, and Kabile LTD, a Bulgarian company with its principal place of business in Bulgaria.

For diversity jurisdiction to lie, "there must be complete diversity, i.e., . . . each plaintiff's citizenship must be different from the citizenship of each defendant." Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). For the purposes of diversity jurisdiction, a limited liability company's ("LLC") citizenship is determined not by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC. Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990) ("[T]he citizenship of an artificial entity . . . depends on the citizenship of all the members, the several persons composing such association, [or] each of its members.") (citation omitted); accord Handelsman v. Bedford Village Assocs. Ltd., 213 F.3d 48, 51-52 (2d Cir. 2000). See also Weave Masters, Inc. v. Cambridge Fashion, Inc., No. 09 Civ. 1172 (CM), 2009 WL 510834, *2 (S.D.N.Y. Feb. 26, 2009) ("Unlike a corporation, the citizenship of a limited liability company is not the state of its incorporation or its principal place of business. Rather, the LLC shares the citizenship of all of its constituent corporate members."); Arabesque v. Capacity LLC, No. 07 Civ. 2042 (TPG), 2008 WL 681459, *2 (S.D.N.Y. Mar. 10, 2008) (denying LLC's citizenship is determined by its place of incorporation and principal place of business, and concluding "Second Circuit precedent clearly holds that for LLCs,

2

citizenship is determined based on the individual members of the LLC").

Although RPG, a member of Elegant, is incorporated as an LLC in Delaware, none of its members are citizens of Delaware. For the purposes of diversity jurisdiction, neither Elegant nor RPG are citizens of Delaware. Plaintiff and defendant are therefore diverse parties. Accordingly, it is hereby

ORDERED that subject matter jurisdiction exists on the basis of diversity, and the case shall proceed according to the scheduling order already in place.

SO ORDERED.

Dated:   New York, New York
         September 25, 2009

                                    _____
                                            DENISE COTE
                                    United States District Judge